IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>[1] YILIBETH DEL CARMEN RIVERO-DE CALDERA<br>a/k/a "YIBI"<br><br>[2] KLEIVER DANIEL MOTA RIVERO<br>a/k/a "KLEIBER"<br><br>[3] YURIBETZI DEL VALLE GOMEZ MACHUCA<br>a/k/a "LA GORDA"<br><br>[4] WILMARYS DEL VALLE MANZANO SOLORZANO<br>a/k/a "LA CHINA"<br><br>[5] ENDRIK ALEXANDER MORALES-RIVERO<br>a/k/a "ENDRI"<br><br>[6] ARIANNYS BEATRIZ GUTIERREZ-CARRILLO<br>a/k/a "NANI"<br>a/k/a "NANY"<br><br>[7] FRANKYANNA DEL VALLE ROMERO-RIVERO<br>a/k/a "FRANYA"<br><br>[8] JESUS ENRIQUE CASTILLO RODRIGUEZ<br>a/k/a "CHU CHU" | Case No. 3:25-cr-00022<br><br>Judge Waverly D. Crenshaw |

**GOVERNMENT'S STATUS REPORT IN ANTICIPATION OF THE NOVEMBER 7, 2025, STATUS HEARING**

The United States, by and through Acting United States Attorney Robert E. McGuire, and Kathryn D. Risinger, Assistant United States Attorney, and Harmeet K. Dhillon, Assistant Attorney General – Civil Rights Division, Department of Justice, and Jessica Arco and Lindsey Roberson, Trial Attorneys, and Matthew R. Galeotti, Acting Assistant Attorney General – Criminal Division, Department of Justice, and Alexandra Skinnion, Trial Attorney, files this Status



Case 3:25-cr-00022 Document 224 Filed 10/31/25 Page 1 of 5 PageID #: 684

Report in Anticipation of the November 7, 2025, Status Hearing and in accordance with the Court's Scheduling Order (D.E. 131) in this case.

## PROCEDURAL HISTORY

1. The Indictment in this case was returned by a Federal Grand Jury in the Middle District of Tennessee on February 5, 2025, charging defendants [1] Yilibeth Del Carmen Rivero-De Caldera, [2] Kleiver Daniel Mota Rivero, [3] Yuribetzi Del Valle Gomez Machuca, [4] Wilmarys Del Valle Manzano Solorzano, [5] Endrik Alexander Morales-Rivero, [6] Ariannys Beatriz Gutierrez-Carrillo, [7] Frankyanna Del Valle Romero-Rivero, and [8] Jesus Enrique Castillo Rodriguez with some or all of the following: Count One—Conspiracy to Commit Interstate Transportation for Purposes of Prostitution, in violation of 18 U.S.C. §§ 371 and 2421(a); Count Two—Conspiracy to Commit Interstate and Foreign Travel or Transportation in Aid of Racketeering Enterprises, in violation of 18 U.S.C §§ 371 and 1952(a)(3)(A) and (b); Count Three—Conspiracy to Commit Sex Trafficking, in violation of 18 U.S.C. §§ 1594(c) and 1591(a)(1), and Count Four—Unlawful Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(5) and 924. (D.E. 3.) The Indictment was unsealed on February 11, 2015. (D.E. 18).

2. On June 23, 2025, the Court entered a Scheduling Order ordering the Government to file "a summary of what discovery has been produced that provides a high level itemization and when that discovery was produced . . . [and] identify any additional discovery and approximately when it will be made available to Defendants" no less than five days before any scheduled status conference. (D.E. 131, PageID #422.)

## STATUS UPDATE

3. To date and as set forth below, the Government has disclosed four rounds of discovery to all defendants in this case:

a. On or about April 16, 2025, Discovery Round 1 was disclosed directly to counsel for the defendants.[1] This discovery consisted of TBI Investigative Reports; and electronic media, including body camera footage and phone extractions.

b. On or about May 22, 2025, Discovery Round 2 was disclosed to Russ Aoki—the court-appointed Coordinating Discovery Attorney—who disseminated the discovery to each respective defense team. This discovery consisted of HSI Reports of Investigation, which included arrest-related documents, surveillance notes, search warrants, and subpoena requests; TBI Investigative Reports; search warrants for social media accounts, electronic devices, and locations; firearm-related documents; state court documents; and hotel documents.

c. On or about June 6, 2025, Discovery Round 3 was disclosed to Russ Aoki—the court-appointed Coordinating Discovery Attorney—who disseminated the discovery to each respective defense team. This discovery consisted of FBI 302s, which included arrest-related documents, surveillance notes, search warrants, and documents responsive to subpoena returns, such as, among other things, financial documents and social media accounts; and HSI Reports of Investigation, which included documents responsive to subpoena returns, such as, among other things, airline records, social media accounts, and phone records.

d. On or about August 11, 2025, Discovery Round 4 was disclosed to Russ Aoki—the court-appointed Coordinating Discovery Attorney—who disseminated the discovery to each respective defense team. This discovery consisted of documents

[1] Discovery Round 1 was also later provided to the appointed Discovery Coordinator in this case once he was appointed.

responsive to subpoena returns, such as, among other things, commercial sex advertisements, hotel records, phone records, and airline records; and electronic media, which included surveillance footage and Callyo messages.

Thus far, the Government has disclosed through discovery more than approximately 12,000 pages of documents and just shy of approximately 1,000 gigabytes of electronic data, as well as individual production logs related to each round of discovery.

The Government anticipates that a fifth round of discovery will be disclosed in the near future, likely before the end of November 2025. Discovery Round 5 is expected to consist of HSI Reports of Investigation, which include arrest records and documents, consent to search forms, and documents responsive to subpoenas; and TBI Investigative Reports. While the Government is still working on preparing Discovery Round 5 for disclosure, this production is expected to consist of approximately 70 reports and associated documents and approximately three device extractions, which is much smaller than prior discovery productions.

4. The Government believes that it is currently in compliance with its Rule 16 obligations under the Federal Rules of Criminal Procedure and the Court's Local Rules.

5. Other than its report on the status of discovery, as set forth above, the Government does not have any additional issues that need to be added to the agenda for the November 7, 2025, status conference.

## CONCLUSION

WHEREFORE, the Government requests that the Court take note of the above information as set forth in the Government's Status Report in Anticipation of the November 7, 2025, Status Hearing.

Respectfully submitted,

ROBERT E. MCGUIRE
Acting United States Attorney
Middle District of Tennessee

By: *_/s/ Kathryn D. Risinger_*
KATHRYN D. RISINGER
Assistant United States Attorney
Middle District of Tennessee
719 Church St., Ste. 3300
Nashville, Tennessee 37203

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division
United States Department of Justice

JESSICA ARCO
LINDSEY ROBERSON
Trial Attorneys
Human Trafficking Prosecution Unit
United States Department of Justice

MATTHEW R. GALEOTTI
Acting Assistant Attorney General
Criminal Division
United States Department of Justice

ALEXANDRA SKINNION
Trial Attorney
Criminal Division
United States Department of Justice